JOSEPH VENDITTI, an Infant, by JOHN VENDITTI, His Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Trial Term, New York County, February 4, 1946.

*Henry L. Nowvé* for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel (Paul Selby* of counsel), for defendant.

BYRNES, Ch. J. This is an action by Joseph Venditti an infant plaintiff and his father John Venditti to recover for personal injuries he sustained on the I.R.T. Station at Brooklyn Bridge.

The court reserved decision on the motion made by the defendant City of New York at the end of the plaintiffs' case and renewed at the end of the entire case, to dismiss the complaint on the ground that the complaint was totally defective, in that it failed to allege as required by section 394a-1.0 of the Administrative Code of the City of New York " that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that he [comptroller] has neglected or refused to make an adjustment or payment thereof * * *.''

The court submitted the cause to the jury and the jury returned with a verdict in favor of the plaintiffs. The defendant then moved to set aside the verdict on all the provisions of section 549 of the Civil Practice Act except excessiveness and upon the ground previously urged at the end of the plaintiffs' case.

The court is of the opinion that, as to the factual situation, the jury having returned a verdict in favor of the plaintiffs, the court should not disturb the verdict of the jury. The only question left for determination is the one raised as to the sufficiency of the complaint as related to section 394a-1.0 (subd. a) of the Administrative Code.

The Administrative Code sets forth the necessary allegation to be incorporated in a complaint where the City of New York is a party defendant. While I realize that the recent trend in judicial decisions is toward a liberal interpretation of these requirements where a substantial attempt is made to comply with the provisions of the code, yet a complete failure on the part of the plaintiffs to meet the necessary conditions set forth

by the code can result only in the granting of the defendant city's motion to set aside the verdict and dismiss the complaint.

The motion by the defendant city to set aside the verdict is granted and the motion to dismiss the complaint is also granted. Thirty days to make a case.